IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES COVERT, JR.,

        Petitioner,                    No. CIV S-09-2029 GGH P

    vs.

JAMES YATES, et al.,

        Respondents.             ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties have consented to the jurisdiction of the undersigned. See court file documents 6, 8.

        Petitioner challenges his 2001 conviction for threats to commit a crime resulting in death or great bodily injury. He is serving a sentence of 11 years and 4 months. This action is proceeding on the original petition filed July 22, 2009, as to one claim: petitioner's sentence violates Cunningham v. California, 549 U.S. 270 (2007).

        Pending before the court is respondent's September 25, 2009, motion to dismiss on grounds that this action is barred by the statute of limitations. For the following reasons, respondent's motion is granted.

\\\\\

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction is not timely if the trigger date for the statute of limitations is the date his conviction became final. On December 6, 2002, the California Court of Appeal granted petitioner's request to dismiss his appeal. Respondent's Lodged Documents 2-3. Petitioner did not seek review in the California Supreme Court. Under California law, petitioner's conviction became final on January 15, 2003, i.e. 40 days after the California Court of Appeal filed its opinion. See Cal. Rules of Court, Rule 8.264 (formerly Cal. Rules of Court, Rule 24), Cal. Rules of Court Rule 8.500 (formerly Cal. Rules of Court, Rule 28). Petitioner had one year from that date, i.e. until January 15, 2004, to file a timely petition. 28 U.S.C. § 2244(d)(1)(A).

Petitioner is not entitled to statutory tolling pursuant to 28 U.S.C. § 2254(d)(2) because he did not file his first state habeas petition until August 24, 2007, which was after the limitations period ran. Respondent's Lodged Document 4; Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). In his opposition, petitioner suggests that he is entitled to equitable tolling

1    because the grounds for his petition did not arise until <u>Cunningham</u> was decided in 2007.  Rather

2    than an argument for equitable tolling, this is an argument for a different statute of limitations

3    trigger date.  Accordingly, the court finds that the instant action, filed July 22, 2009, is not timely

4    under 28 U.S.C. § 2244(d)(1)(A).

5              Petitioner suggests that a later trigger date for the statute of limitations runs from

6    the date <u>Cunningham</u> was decided pursuant to 28 U.S.C. § 2244(d)(1)(C).  In <u>Butler v. Curry</u>,

7    528 F.3d 624, 639 (9th Cir. 2008) the Ninth Circuit concluded that <u>Cunningham</u> did not

8    announce a new rule:

9              <u>Apprendi</u>, <u>Blakely</u> and <u>Booker</u> made "courts throughout the land' aware that
              sentencing schemes that raise the maximum possible term based on facts not
10             found by a jury violate the constitutional rights of defendants. [Citation omitted.]
              No principles of comity or federalism would be served by refusing to apply this
11             rule to functionally indistinguishable state sentencing schemes on collateral
              review.  <u>Cunningham</u> thus did not announce a new rule of constitutional law and
12             may be applied retroactively on collateral review.

13   <u>Butler</u>, 528 F.3d at 639.

14             In <u>Butler</u>, 528 F.3d at 634 n. 9, the Ninth Circuit identified the key question:

15             Whether Butler asks us to apply to him a Supreme Court decision issued after his
              conviction became final, or to announce the very holding that the Supreme Court
16             arrived at in a case decided after his conviction became final, we must determine
              whether the result he requests was "dictated" by precedent before his conviction
17             was final.  See <u>Caspari v. Bohlen</u>, 510 U.S. 383, 395-96, 114 S.Ct. 948, 127
              L.Ed.2d 236 (1994)(determining whether the result that the petitioner was arguing
18             for in his collateral review proceeding would require creation of a new rule in
              violation of <u>Teague</u>).  The pivotal question is thus the same either way: did
19             <u>Apprendi</u>, <u>Blakely</u> or <u>Booker</u> compel the conclusion that California's DSL law
              violates the Sixth Amendment?

20

21             In <u>Butler</u>, the Ninth Circuit found that <u>Cunningham</u> was "clearly dictated by the

22   Supreme Court's Sixth Amendment case law, in particular <u>Blakely</u> ...".  528 F.3d at 628.

23   Pursuant to <u>Butler</u>, the statute of limitations for a <u>Cunningham</u> claim does not run from the date

24   on which <u>Cunningham</u> became final because the constitutional right was not "newly recognized"

25   by the Supreme Court.  28 U.S.C. § 2244(d)(1)(C).

26   \\\\\

1         Further, if the source of the newly-recognized right for 2244(d)(1)(C) purposes is

2  treated as being  Blakely v. Washington, 542 U.S. 296 (2004), that case does not meet the second

3  2244(d)(1)(C) prong because it is not retroactive, see Schardt v. Payne, 414 F.3d 1025, 1038 (9th

4  Cir. 2005).  The Ninth Circuit has also held that United States v. Booker, 543 U.S. 220, 125 S.Ct.

5  738 (2005) is not retroactive.  United States v. Cruz, 423 U.S. 1119, 1121 (9th Cir. 2005).  For

6  these reasons, petitioner's application for a writ of habeas corpus is not timely under 28 U.S.C. §

7  2244(d)(1)(C).

8         Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) was decided before

9  petitioner's conviction became final.  For that reason, petitioner cannot argue that the date

10  Apprendi was decided is the trigger date for the statute of limitations.

11         For the reasons discussed above, the undersigned finds that petitioner's

12  application for a writ of habeas corpus is barred by the statute of limitations.

13         Accordingly, IT IS HEREBY ORDERED that respondent's September 25, 2009,

14  motion to dismiss (no. 10 ) is granted.

15  DATED: 11/18/09

16                             /s/ Gregory G. Hollows

17                             UNITED STATES MAGISTRATE JUDGE

18

19

20  cov2029.mtd

21

22

23

24

25

26